BOB AARON MIKELL, JR.,

    Petitioner,

v.  :  CIVIL ACTION NO.: CV611-047

DAVID J. EBBERT, Warden, and
SAMUEL S. OLENS, Attorney
General,

    Respondents.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bob Aaron Mikell ("Mikell") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction obtained in the Candler County Superior Court. Respondents filed a Motion to Dismiss. Mikell filed a Reply and a Motion to Re-characterize his § 2254 petition as a motion for writ of coram nobis. The undersigned granted Mikell's Motion to Re-characterize and dismissed Respondents' Motion to Dismiss in an Order dated October 27, 2011. Respondents filed a Response in Opposition to Mikell's Motion for Writ of Coram Nobis. The undersigned now **vacates** the Order dated October 27, 2011, and recommends that Respondents' Motion to Dismiss be **GRANTED**.

## STATEMENT OF THE CASE

Mikell was convicted in the Candler County Superior Court in 1997 after pleading guilty to possession of cocaine with the intent to distribute. Mikell received a sentence

AO 72A
(Rev. 8/82)

of 5 years' probation with credit for time served. He did not file a direct appeal. His sentence expired in November 2000.

Mikell filed a state habeas corpus petition in the Candler County Superior Court in 2008, which was denied. He filed a second state habeas corpus petition in the same court in 2011, which was dismissed. The Georgia Supreme Court denied Mikell's appeal as to both petitions in March 2011.

Mikell filed the instant § 2254 petition on May 10, 2011. This Court granted him leave to amend his petition. Mikell did not file a pleading entitled "Amended Petition," but the Court construes the Memorandum in Support of Petition for Leave to Amend (Doc. No. 13) as his amendment. Through this petition, as amended, Mikell challenges his 1997 state court conviction, as he asserts that conviction was used to enhance his current federal sentence.

Respondents contend, in their Motion to Dismiss, that Mikell's petition should be dismissed for two reasons: (1) Mikell is not "in custody" pursuant to § 2254, and (2) Mikell's petition is untimely. Mikell agrees that he is not "in custody" pursuant to § 2254 because he is challenging a state court conviction for which he has already served the imposed sentence. As a result, Mikell moved for this Court to re-characterize his § 2254 petition as a motion for writ of coram nobis. The undersigned granted Mikell's Motion to Re-characterize. Respondents contend, in their Response in Opposition to Mikell's Motion for Writ of Coram Nobis, that relief in the form of a writ of coram nobis is not available to Mikell in this Court.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION TO AUTHORITY

In their Response in Opposition to Mikell's Motion for Writ of Coram Nobis, Respondents correctly assert that a motion for a writ of coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." United States v. Morgan, 346 U.S. 502, 505 n.4 (1954). Mikell seeks relief from his 1997 state court conviction; therefore, a motion for a writ of coram nobis would properly be a step in that criminal case. As a result, the Court agrees with Respondents that the writ of coram nobis is not an available remedy for Mikell to challenge his state court conviction in federal court. The Order dated October 27, 2011, granting Mikell's Motion to Re-characterize his § 2254 petition as a motion for writ of coram nobis is **vacated**, and Mikell's Motion to Re-characterize is **DENIED**.

In their Motion to Dismiss, Respondents contend that Mikell's § 2254 petition should be dismissed for two reasons: (1) Mikell is not "in custody" pursuant to § 2254, and (2) Mikell's petition is untimely. Mikell agrees that he is not "in custody" pursuant to § 2254 because he is challenging a state court conviction for which he has already served the imposed sentence. A court "shall entertain an application for writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A habeas petitioner is not "in custody" under a conviction after the sentence imposed for that conviction has fully expired. Maleng v. Cook, 490 U.S. 488, 492–93 (1989). Because Mikell's probation sentence for his 1997 state court conviction expired in 2000, Respondents and Mikell

AO 72A
(Rev. 8/82)

agree that he is not presently "in custody" pursuant to that conviction and that he was not "in custody" pursuant to that conviction when he filed the instant § 2254 petition in May 2011. As a result, this Court lacks subject matter jurisdiction to consider the merits of Mikell's § 2254 petition.

Respondents' remaining ground for dismissal does not need to be discussed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED** and that Mikell's petition be **DISMISSED**.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 3rd day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)