IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

2012 JAN 23 PM 4: 54

BOB AARON MIKELL, JR.,

   Petitioner,

v.         CIVIL ACTION NO.: CV611-047

DAVID J. EBBERT, Warden, and
SAMUEL S. OLENS, Attorney
General,

   Respondents.

## ORDER

Petitioner Bob Aaron Mikell ("Mikell") filed a document titled Petitioner's Opposition to the Government's Response and a document titled Addendum to Petitioner's Opposition. (Doc. Nos. 29 and 30). The Court has construed these documents as a motion for reconsideration of the undersigned's Order dated January 3, 2012. (Doc. No. 26). In that Order, the undersigned vacated his previous Order dated October 27, 2011, and denied Mikell's Motion to Re-characterize his 28 U.S.C. § 2254 habeas corpus petition as a motion for writ of coram nobis.

In his "motion for reconsideration," Mikell argues that the undersigned erred in denying his Motion to Re-characterize his § 2254 petition as a motion for writ of coram nobis. As discussed in United States v. Morgan, 346 U.S. 502, 505 n.4 (1954), and in the undersigned's Order, a motion for a writ of coram nobis "is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record,

AO 72A
(Rev. 8/82)

court conviction; therefore, a motion for a writ of coram nobis would properly be a step in that criminal case. As a result, the writ of coram nobis is not an available remedy for Mikell to challenge his state court conviction in federal court.

Mikell argues that "it makes no difference if the prior conviction was a State charge . . . the holding in Morgan still applies." (Doc. No. 29, p. 2). In Morgan, the United States Supreme Court held that a writ of coram nobis is appropriate to cure "errors of the most fundamental character." Morgan, 346 U.S. at 512 (internal punctuation and citation omitted). However, because a motion for a writ of coram nobis "is a step in the criminal case," such a motion must be pursued in the court which heard the movant's criminal case. Morgan, 346 U.S. at 505 n.4.[1] Consequently, though a writ of coram nobis might be available to Mikell, it is not available to him in federal court.

The Court is not persuaded to alter its decision to deny Mikell's Motion to Re-characterize. The undersigned's Order dated January 3, 2012, shall remain the Order of the Court. Mikell's "motion for reconsideration" is **DENIED**.

**SO ORDERED**, this 23rd day of January, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] Mikell asserts that the Court cannot rely on this footnote in Morgan because the footnote does not provide sound precedent due to the Supreme Court's holding in Morgan that the remedy of a writ of coram nobis could be sought in federal court. (Doc. No. 30, pp. 1–2). In Morgan, the petitioner sought a writ of coram nobis in federal court where the federal conviction he challenged was received. Morgan, 346 U.S. at 503. In the instant case, Mikell seeks a writ of coram nobis in federal court while the conviction he challenges was received in state court. If the remedy of a writ of coram nobis is available to Mikell at all, it should be sought in the court of conviction, like the petitioner in Morgan.

2