FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 JAN 30  AM 11: 37

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL, JR.,

    Petitioner,

v.

DAVID J. EBBERT, Warden, and
SAMUEL S. OLENS, Attorney
General,

    Respondents.

CIVIL ACTION NO.: CV611-047

## ORDER

Petitioner Bob Aaron Mikell ("Mikell") filed a document titled Petitioner's Opposition to the Government's Response and a document titled Addendum to Petitioner's Opposition. (Doc. Nos. 29 and 30). The Court has construed these documents as objections to the Magistrate Judge's Report dated January 3, 2012, (Doc. No. 27), which recommended that Respondents' Motion to Dismiss be granted and that Mikell's § 2254 petition be dismissed.

Mikell argues, in his "objections," that the Magistrate Judge erred in recommending dismissal of his § 2254 petition. Mikell previously agreed that he was not "in custody", pursuant to the conviction which he challenges. (Doc. Nos. 19, p.1 and 20, p. 4). Now, Mikell has changed his position asserting that Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), applies to his case.

AO 72A
(Rev. 8/82)

The Supreme Court in <u>Coss</u> noted that, in <u>Maleng v. Cook</u>, 490 U.S. 488 (1989), it determined that a prisoner "in custody" under a <u>state</u> sentence enhanced by a prior expired <u>state</u> sentence met the "in custody" requirement of § 2254 when the § 2254 petition challenged the prior expired state sentence.[1] <u>Coss</u>, 532 U.S. at 401–02. This was because the § 2254 petition challenging the prior expired, and allegedly unconstitutional, state sentence could be read as asserting a challenge to the subsequent enhanced state sentence. <u>Id.</u> However, the Court was careful to note that in <u>Maleng</u> it determined that the petitioner was "in custody" under the subsequent enhanced state sentence and not the expired state sentence being challenged. <u>Id.</u> Applying <u>Maleng</u>, the Court determined that Coss satisfied the § 2254 "in custody" requirement for the same reason. <u>Id.</u> at 402.

Mikell argues that <u>Coss</u> applies to his case, but the Court disagrees. In <u>Coss</u>, the expired, and allegedly unconstitutional, <u>state</u> conviction allegedly enhanced a subsequent <u>state</u> sentence. In the instant petition, Mikell's expired, and allegedly unconstitutional, state conviction apparently enhanced a subsequent federal sentence. The difference is crucial.

The Supreme Court, in <u>Coss</u> and <u>Maleng</u>, found that the petitioners were "in custody" under the subsequent <u>state</u> sentence, allowing them to challenge the prior expired <u>state</u> sentence. This was because the § 2254 petition challenging the prior expired, and allegedly unconstitutional, state sentence could be read as asserting a

---

[1] In <u>Maleng</u>, the petitioner also alleged that his prior expired, and allegedly unconstitutional, state sentence had been used to enhance his federal sentence which he was serving at the time of the filing of the § 2254 petition. The Supreme Court did not consider this argument, as it was not before them. Instead, the Supreme Court only considered the enhancement of subsequent state convictions, which the petitioner had not yet begun to serve, but under which the Supreme Court found the petitioner "in custody." <u>Maleng</u>, 490 U.S at 490.

challenge to the subsequent enhanced state sentence. As a result, the petitioners in Coss and Maleng met the "in custody" requirement of § 2254. The purpose of § 2254 is to allow petitioners to challenge state sentences for which they are in custody. Because Mikell's expired state sentence enhanced a subsequent federal sentence, a direct application of Coss would result in a finding that Mikell's § 2254 petition challenging his prior expired, and allegedly unconstitutional, state sentence is a challenge to his subsequent federal sentence. Section 2254 is not an avenue for relief in challenging a federal sentence. As a result, Coss does not apply to Mikell's case.

Because Mikell's probation sentence for his 1997 state court conviction expired in 2000, Mikell is not "in custody" under that conviction and he was not "in custody" under that conviction when he filed the instant § 2254 petition in May 2011.

Mikell's "objections" to the Magistrate Judge's Report are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Mikell's 28 U.S.C. § 2254 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this _30_ day of _Jan._, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA