UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL, JR.,

Petitioner,

v.     6:11-cv-47

DAVID J. EBBERT, Warden, and SAMUEL S. OLENS, Attorney General,

Respondents.

## ORDER

### I. INTRODUCTION

Before the Court are Petitioner Bob Aaron Mikell Jr.'s ("Mikell") petition for a writ of coram nobis and his motion for a Certificate of Appealability ("COA"). *See* Docs. 34; 37. The Court also construes the motion for a COA as a motion for in forma pauperis ("IFP") status on appeal.

### II. FACTS

Mikell has been on something of an odyssey through state and federal courts. In 1994, Mikell was convicted in Georgia state court of two counts of selling cocaine. *See Mikell v. United States*, No. 6:11-cv-20, Doc. 10 at 1 (S.D. Ga. May 16, 2011). On June 30, 2008, Mikell filed a state habeas corpus action regarding this conviction. *See id.* at 2.

In 1997, Mikell pled guilty in state court to possession of cocaine with the intent to distribute. *See* Doc. 26 at 1. The court sentenced Mikell to five years' probation with credit for time served. *See id.* at 1-2. He filed no direct appeal. *See id.* at 2. His sentence expired in November 2000. *See id.* Mikell filed a state habeas corpus petition in the Candler County Superior Court in 2008. *See id.* According to Mikell, this habeas petition was combined with the habeas petition from his 1994 conviction and was denied. *See id;* Doc. 9 at 2-3. He filed a another state habeas corpus petition in the same court in 2011, which was dismissed. *See* Doc. 26 at 2. The Georgia Supreme Court denied Mikell's appeal as to both petitions in March 2011. *See id.* at 2.

On January 9, 2008, Mikell pled guilty in federal court to one count of conspiracy to possess with intent to distribute a quantity of cocaine, hydrochloride, and a quantity of cocaine base. *United States v. Pinkston*, No. 6:06-cr-26, Docs. 919, 702 (S.D. Ga. Jan. 9, 2008). This Court sentenced Mikell to eleven years imprisonment followed by five years of supervised release. *See id.*, Doc. 702 at 2-3. The Court departed below the guideline range upon a motion from the government. *See id.*, Doc. 751 at 37-38 (sentencing transcript). On September 8, 2009, Mikell filed a §2255 motion to vacate his federal sentence. *See Mikell v. United States*, No. 6:09-cv-65, Doc. 1 (S.D. Ga. Sept. 8, 2009). The Court denied Mikell's motion. *See id.*, Docs. 43; 44.

On March 1, 2011, Mikell brought a § 2254 petition in this Court challenging his 1994 state conviction. *See Mikell*, No. 6:11-cv-20, Doc. 1. This Court dismissed that petition. *See id.*, Docs. 13; 14.

Mikell brought this § 2254 petition on May 10, 2011, challenging his 1997 state conviction. *See* Doc. 1; *see also* Doc. 10. The Magistrate Judge initially issued a

Report and Recommendation ("R&R") recommending that the Court dismiss Mikell's petition. *See* Doc. 5. The Magistrate Judge reasoned that Mikell filed his petition with regards to the 1994 conviction and that Mikell's petition was an unauthorized successive habeas petition. *See id.* at 3.

After receiving clarification from Mikell, the Magistrate Judge vacated that R&R, discerning that Mikell was actually attacking his 1997 state conviction. *See* Doc. 10 at 1. The Magistrate Judge added Attorney General Samuel S. Olens as a proper respondent in this suit, and Respondents filed a motion to dismiss Mikell's petition. *See* Docs. 10; 15. Respondents contended that Mikell's petition was improper both because he was not "in custody" and because his petition was untimely. *See* Doc. 15-1.

Mikell responded by asking the Magistrate Judge to construe his habeas petition as a petition for a writ of coram nobis. *See* Docs. 18; 19. Mikell stated that he had completely served his state sentence as of November 2000. *See* Doc. 19 at 1. Accordingly, he admitted that he was not in custody. *See id.* Mikell contended, however, that he met the requirements for a writ of coram nobis. *See* Doc. 18 at 4-5.

The Magistrate Judge issued a R&R granting Mikell's motion to re-characterize and ordering Respondents to respond. *See* Doc. 22. Respondents argued that Mikell's new motion was procedurally improper because writs of coram nobis are available only to petitioners challenging federal convictions. *See* Doc. 25 at 4. Respondents also contested Mikell's motion to re-characterize as "a patent attempt to circumvent the one-year period of limitations for state prisoners to file federal habeas corpus actions and the 'in custody' jurisdictional requirement for § 2254 cases." Doc. 25 at 2.

The Magistrate Judge issued another R&R agreeing with Respondents that a writ of coram nobis was procedurally inappropriate for Mikell's *federal civil* proceeding challenging a *state criminal* conviction. *See* Doc. 26 at 3. Accordingly, the R&R recommended vacating the Magistrate Judge's previous R&R re-characterizing Mikell's motion. *See id.*

The Magistrate Judge then recommended dismissing Mikell's § 2254 petition, finding that Mikell was not in custody. *See id.* at 3-4.

This Court adopted the Magistrate Judge's latest set of recommendations and dismissed Mikell's petition. *See* Doc. 32. In his objections, Mikell had changed his position on his custodial status, and claimed that *Lackawanna County District Attorney v. Coss* was applicable to his case. *See* Doc. 32 at 1; *see also* 532 U.S. 394 (2001).

This Court rebuffed Mikell's argument, explaining that the only state sentence that that Mikell could base his claim upon had expired in 2000. *See* Doc. 32 at 2-3. The Court explained that *Coss* applies only when a petitioner, at the time he files his habeas petition, is in *state* custody on a subsequent sentence that has been enhanced as a result of a petitioner's prior *state* conviction and sentence. *See* 532 U.S. at 401-02; *see also* Doc. 32 at 2-3. Mikell, however, is

2

currently serving a *federal* sentence that has been enhanced as a result of a prior state conviction and sentence. *See* Doc. 32 at 3. The Court recognized that "[s]ection 2254 is not an avenue of relief in challenging a federal sentence." *Id.* at 3.

Mikell subsequently filed another petition for a writ of coram nobis. *See* Doc. 34. Mikell reasserts that he is no longer in custody as required by § 2254. *See id.* at 2; *see also* 28 U.S.C. § 2254(b)(1). Mikell avers that a writ of coram nobis is his only adequate remedy. *See* Doc. 34 at 2. The brief supporting Mikell's latest motion makes different claims than his amended habeas motion. *See* Docs. 13; 35. As far as the Court is able to discern, the latest petition for a writ of coram nobis targets Mikell's 1994 conviction, not his 1997 conviction. *See* Doc. 34 at 2.

Mikell also appeals this Court's dismissal of his § 2254 petition regarding his 1997 case. *See* Doc. 36.

### III. ANALYSIS

Mikell's appeal does not divest this Court of jurisdiction to consider his latest petition for a writ of coram nobis. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Reed*, 404 F. App'x 464, 465 (11th Cir. 2010). Because Mikell's petition concerns the 1994 conviction, not the 1997 conviction at issue in his habeas petition, his current petition concerns different aspects of Mikell's case than those before the Eleventh Circuit.

For the reasons explained in the R&R recommending dismissal of Mikell's case, Mikell's latest petition is procedurally improper. *See* Doc. 27. "A writ of error *coram nobis* is not available in federal court to directly attack a state criminal judgment." *Wolfson v. Florida*, 184 F. App'x 866, 866 (11th Cir 2006); *see also United States v. Morgan*, 346 U.S. 502, 505 n.4 (1954) ("Such a motion is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil Proceeding."); *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968). Accordingly, Mikell cannot use a writ of coram nobis in this Court to attack either his 1994 state conviction or his 1997 state conviction. Mikell's petition for a writ of coram nobis is ***DENIED***.

Mikell seeks a COA, primarily on issues that go to the merits of his petition, not its procedural propriety. *See* Doc. 37.

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336 (internal quotations omitted); *see also* 28 U.S.C. § 2253(c)(2). Brewer "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (internal quotations omitted).

3

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

As illustrated by the case law *supra*, no reasonable juror could find it debatable that a writ of coram nobis attacking a state court judgment is unavailable in a federal court.

Furthermore, a reasonable jurist could not possibly debate whether Mikell is in "custody pursuant to the judgment of a State court" as required by § 2254(b)(1). As explained *supra* and in this Court's previous Order, *Coss* does not apply to Mikell's case, and § 2254 is not the appropriate tool with which to challenge a federal sentence. *See* Doc. 32 at 2-3.

Even if *Coss* availed Mikell, Mikell admits that he is not in state custody. *See* Doc. 34 at 2 ("Petitioner also avers that, 'he is no longer in custody for the purposes of habeas relief under 28 U.S.C. § 2254, and therefore, he has no adequate alternative remedy,' which gives this court coram nobis jurisdiction to consider petitioner's claim on the merits.").

"The general rule is that a party is bound by the admissions in his pleadings." *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177 (11th Cir. 2009) (quoting *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983)); *see also Shuler v. Ingram & Assocs.*, 2011 WL 4495624, at *3 (11th Cir. Sept. 29, 2011) ("Judicial admissions are proof possessing the highest possible probative value . . . and are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." (quoting *Hill v. FTC*, 124 F.2d 104, 106 (5th Cir. 1941))); *Hunt v. Liberty Lobby*, 720 F.2d 631, 649 & n. 29 (11th Cir. 1983) (noting court's willingness to apply rule to amended complaint).

Thus, Mikell is bound by his assertion that he is no longer in custody "pursuant to the judgment of a State court," and a reasonable jurist could not find otherwise. 28 U.S.C. § 2254(b)(1).

The Court also construes the motion for a COA as a motion for IFP status on appeal. "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith means that an issue exists on appeal that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A claim is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Mikell's claims are without merit and frivolous. Mikell's appeal is not taken in good faith. His motion is **DENIED**. The Court assesses the full filing fee of $455.

## IV. CONCLUSION

Mikell's motion for a writ of coram nobis, see Doc. 34, is *DENIED*.

Mikell's motion for a COA, see Doc. 37, is *DENIED*.

Mikell's implied motion for IFP status on appeal is *DENIED*. The Court assesses the full filing fee of $455.

This 28th day of February 2012.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA